

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

August 23, 1974

The Honorable Jim Clark, Chairman
House Committee on Labor
House of Representatives
P. O. Box 2910
Austin, Texas 78767

Dear Representative Clark:

Opinion No. H- 379

Re: Qualifications of signers
of a petition under the
Fire and Police Employee
Relations Act, Article
5154c-1, Sec. 5(b), V. T. C. S.

You have requested the opinion of this office on the following question:

> Is a person who is a qualified voter of the city, town
> or other political subdivision in which a local option
> petition under Article 5154c-1 is circulated eligible to
> sign the petition, without regard to whether the person
> voted in the last preceding general election in that
> political subdivision?

Article 5154c-1, Sec. 5(b), V. T. C. S. (Acts 1973, 63rd Leg., ch. 81, p. 151) reads in relevant part:

> Upon receiving a petition signed by the lesser of five
> percent or 20,000 of the qualified voters voting in
> the last preceding general election in such city, town,
> or political subdivision, the governing body of such
> city, town or political subdivision shall hold an elec-
> tion within 60 days after said petition has been filed
> with such governing body. (Emphasis added)

The underlined language is ambiguous in that it is subject to two possible interpretations: (1) that a qualified voter must have voted in the last pre- ceding general election in order to be eligible to sign such petition; or (2) that the petition must be signed by a number of qualified voters equal to the lesser of 20,000 or five percent of the number of votes cast in the past preceding general election.

Where the language of a statute is ambiguous, construction becomes necessary. Koy v. Schneider, 221 S.W. 880 (Tex. 1920).

> The fundamental rule controlling the construction of a statute is to ascertain the intention of the Legislature expressed therein. That intention should be ascertained from the entire act, and not from isolated portions thereof.
>
> City of Mason v. West Texas Utilities Co., 237 S.W.2d 273, 278 (Tex. 1951).

Thus, in order to determine the correct interpretation of Sec. 5(b) of Article 5154c-1, the entire statute must be considered and discussed in light of the aims and purposes of the Legislature with respect to collective bargaining rights for firefighters and policemen in Texas.

Section 2(b)(1) of Article 5154c-1 states:

> (1) It is also the policy of the State of Texas that firefighters and policemen, like employees in the private sector, should have the right to organize for purposes of collective bargaining, for collective bargaining is deemed to be a fair and practical method for determining wages and other conditions of employment for the employees who comprise the paid fire and police departments of the cities, towns, and other political subdivisions within this state. A denial to such employees of the right to organize and bargain collectively would lead to strife and unrest, with consequent injury to the health, safety and welfare of the public. The protection of the health, safety, and welfare of the public, however demands that strikes, lockouts, work stoppages and slowdowns of firefighters and policemen be prohibited; therefore, it is the obligation of the state to make available reasonable alternatives to strikes by employees in these protective services.

. . .

> (3) With the right to strike prohibited, it is requisite
> to the high morale of firefighters and policemen, and
> to the efficient operation of the departments which they
> serve, that alternative procedures be expeditious,
> effective, and binding. To that end, the provisions of
> this Act should be liberally construed.

In construing the statute, the court must look to the object to be accomplished and place on it a reasonable or liberal construction which will best effect its purpose rather than one which will defeat it. 82 C. J. S. 593, Statutes, Sec. 323. An act should be given a practical and reasonable rather than a literal construction so as to accomplish as nearly as possible the intent of the Legislature. Brown & Root v. Durland, 84 S. W. 2d 1073 (Tex. 1935).

It is clear from the language of Article 5154c-1 that the Legislature intended to provide reasonable collective bargaining rights for policemen and firefighters on a local option basis. It is also clear that the Legislature sought to prescribe the method by which such local option election could be called by providing for submission of a petition to the local governing body. To interpret the language in question to mean that a person signing such petition must have actually voted in the last preceding general election would only serve to frustrate the clear public policy established by the Legislature. One seeking to comply with the requirements set forth to call an election would be faced with an undue burden of determining not only a potential signee's present qualification to vote but whether or not such person actually voted in the last preceding general election. Such a result would lead to harsh consequences not intended by the Legislature.

Furthermore, were we to construe the statute that persons who did not vote in the last general election were ineligible to sign a petition, serious constitutional questions would be presented.

It is therefore our opinion that

> the lesser of five percent or 20,000 of the qualified
> voters voting in the last preceding general election

. . .

states a formula for determining the requisite number of qualified voters who must sign a petition calling a   local option election under this statute.

### S U M M A R Y

Section 5(b) of Article 5451c-1, V. T. C. S., The Fire and Police Employee Relations Act, requires that a petition for an election be signed by 5% of the number of qualified voters who voted in the last preceding general election or 20,000, whichever is less, and not that those signing must have themselves voted in that previous election.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee